DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, included in its Answer filed November 29, 2007, requesting that the Complaint be dismissed as untimely. That request was heard by the court at the January 3, 2008, initial case management conference. Allen Giacchero (Giacchero) appeared for Plaintiffs. Defendant was represented by Lorrie McKibbin (McKibbin), Appraiser 2, Tillamook County Assessor's office.
The appeal involves a correction to the assessment and tax rolls for tax years 2003-04, 2004-05, 2005-06, and 2006-07. The error justifying the correction was deemed by Defendant to be a clerical error. Such errors may be corrected retroactively under ORS 311.205 for up to five years prior to the last certified roll.[1] The mistake and correction are based on an error in the assessment and taxation of a garage and certain other improvements belonging to Plaintiffs, the tax on which was originally assessed to, and paid by, the adjoining property owner.[2]
Plaintiffs, who bought the property in 2003, were apparently unaware of that mistake as well. Plaintiffs paid the tax assessed to them for the clerical error and have subsequently filed this appeal. *Page 2 
Defendant began the roll correction process by giving Plaintiffs notice of its intention to make the correction by letter dated February 22, 2007. Plaintiffs acknowledge receipt of that letter. On or about that date, McKibbin and another appraiser visited the subject property and discussed the proposed correction with Giacchero, including an explanation of the applicable appeal rights. Thereafter, by notice dated March 21, 2007, Defendant advised Plaintiffs "we have added the following value to the tax roll for the year(s) indicated." (Def's correction notice, Mar 21, 2007; Ptfs' Compl at 8.) That notice indicated the relevant increases in assessed value for the years at issue and provided a statement of appeal rights. The notice provides: "If you disagree with the amount of the assessment, you have the right to appeal to the Magistrate Division of the Oregon Tax Court within 90 days after the correction to the tax roll was made." Giacchero acknowledges that he received that notice.
ORS 311.223(4), made applicable to clerical error corrections pursuant to ORS 311.205(3), provides that "[a]ny person aggrieved by [a clerical error] assessment * * * may appeal to the tax court within 90 days after the correction of the roll * * *."
Defendant corrected the roll on March 21, 2007. The 90 day deadline in this case was June 19, 2007. Plaintiffs did not file their appeal with this court until November 19, 2007, approximately five months after the deadline. Plaintiffs' appeal is therefore untimely and must be dismissed.
Giacchero stated that he feels the 90 days should not begin to run until the property owner pays his or her taxes. Giacchero shared that opinion with employees of the assessor's office when he went in to pay his taxes in November 2007. During the January 3, 2008, tax court proceeding, Giacchero stated that he understood that taxpayers usually have 90 days "from the date of your taxes" to appeal. Upon inquiry by the court, it became apparent that Giacchero was referring to *Page 3 
the time allowed to file a petition with the county board of property tax appeals challenging the value of one's property after the receipt of the annual tax statement in the fall, as provided in ORS 309.100. The court explained that the actual deadline in that situation was December 31 of the year in which the tax statement is mailed, noting that tax statements are mailed in early to mid-October each year. However, that is not the deadline for appealing clerical error corrections. Rather, the period set forth in ORS 311.223(4) applies, and Plaintiffs missed the deadline.
Giacchero also believes that the system is unfair because in "other courts," if the government makes a mistake it loses, whereas, in this case, the government made a mistake and Plaintiffs lose.[3] The reason for the assessor's roll correction is because of a mistake by the assessor in 1997[4] that was not discovered for 10 years, yet Plaintiffs have to pay for that mistake. Giacchero believes he is entitled to a refund of the additional taxes he paid as a result of Defendant's clerical error correction because the mistake was made by the government (assessor). Giacchero's opinion is contrary to law.
The assessor is mandated by statute to make corrections when it discovers, or has reason to believe, that property has been omitted from the rolls. ORS 311.216 through ORS 311.234. If a taxpayer affected by such a correction believes that the correction is improper, either because the *Page 4 
law does not authorize a correction based on the particular facts involved, or because the assessor has placed an incorrect value on the omitted property, the taxpayer must file a timely appeal. If the appeal is not timely, the court never reaches the question of whether the correction was proper. However, as a fundamental matter, the law authorizes — in fact mandates — that property omitted from the tax rolls for prior years be added to the rolls, as explained above.
As indicated above, Plaintiffs did not timely appeal Defendant's clerical error correction and Defendant's request for dismissal must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted because Plaintiffs did not file their appeal challenging Defendant's clerical error correction within 90 days of the date of that correction as required by ORS 311.223(4).
Dated this ___ day of January 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on January 25,2008. The Court filed and entered this document on January 25,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] Although the real market value of those improvements was carried on Plaintiffs' tax account, the maximum assessed and assessed values remained on the adjoining landowner's account at the time of the correction in 1996 when the County discovered that the garage was originally on the wrong account.
[3] The basis for Giacchero's opinion about the outcome of a case involving a government mistake is not clear to the court. Perhaps Giacchero refers to criminal proceedings, where the government bears the burden of proof as to guilt and, at times, has a case dismissed because of the exclusion of illegally obtained evidence. This, however, is a civil matter and Plaintiffs, as the party seeking affirmative relief, bear the burden of proof. ORS 305.427. Moreover, they must initiate their appeal in a timely fashion.
[4] As the court understands it, the 1997 mistake was made when the county was in the process of implementing Measure 50. Measure 50 amended the state's Constitution by voter approved referendum in May 1997. Under Measure 50, all property was initially required to have a maximum assessed value that was 90 percent of its 1995 real market value. When the county undertook that process in 1997 with regard to Plaintiffs' property, and that of their neighbors, the maximum assessed value for the improvements on Plaintiffs' property was placed on the adjoining property. That mistake was carried through to the assessed value. The error occurred because the real market value of those improvements was carried on the neighbors' account in 1995. The county did not discover that the improvements belonged on Plaintiffs' account until 1996. So, when the county calculated Plaintiffs' maximum assessed value in 1997, it used a 1995 real market value that excluded the improvements. The error in the 1997 calculation of maximum assessed value was not discovered until 2007. *Page 1